# Mansfield *v.* The State.

### *Crime.*

(Decided June 16, 1913.   63 South. 11.)

*Costs; Sentence for; Time.*—A judgment sentencing to hard labor for costs should ascertain the number of days at hard labor required to pay the costs, and failing to do so, the appellate court will reverse back to the judgment and remand the cause for proper sentence, where the record fails to show the amount of the costs sufficiently to enable the appellate court to ascertain and fix the time.

APPEAL from Pike Law Court.

Heard before Hon. T. L. BORUM.

[Mansfield v. The State.]

Mary Mansfield was convicted of an offense, and she appeals. Reversed and remanded for the imposition of the proper sentence.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—There is no bill of exceptions in this case, and we find no error in the record, except that in the judgment rendered, upon the defendant's failure presently to pay the fine and costs, she was sentenced "to ———— days at hard labor for Pike county to pay the cost at 75 cents per day." While the failure of the judgment to state the number of days at hard labor to which the defendant was sentenced may not be a defect in it of which she could complain on appeal, yet the judgment should be corrected in that particular. As the record does not inform us of the amount of the costs in the case, so as to enable us to supply the omission in the judgment, it will be affirmed, except as to that part of it above set out, and as to that part of its sentence of the defendant it is reversed, and the cause will be remanded, to the end that the trial court may correct its judgment, by stating the proper number of days at hard labor to which the defendant is sentenced for the payment of the costs.

Affirmed in part, reversed in part, and remanded.